IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carreno-Gutierrez,<br><br>　　　　　　　Movant,<br><br>v.<br><br>USA,<br><br>　　　　　　　Respondent. | No. CV-13-01114-PHX-GMS<br>No. CR-09-1114-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Juan Carreno-Gutierrez's Second Amended Motion to Vacate Sentence (Doc. 8) and United States Magistrate Judge Michelle H. Burns's Report and Recommendation ("R&R"), which recommends that the Court deny and dismiss the Motion with prejudice. (Doc. 14.) Movant filed objections to the R&R on April 10, 2015. (Doc. 15.) Therefore, the Court will review the record on all relevant matters *de novo*. For the following reasons, the Court adopts the R&R and denies the Motion.

**BACKGROUND**

Movant was indicted in 2010 along with three co-defendants on charges of conspiracy and possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), and possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The Government tendered a plea agreement to Movant, under which

Movant would plead guilty to one count of violating § 924(c)(1)(a)(i) and receive a stipulated sentence of 60 months in prison. (Doc. 11, Ex. C, at 4.) Plea agreements were also offered to all of the remaining defendants. Each plea was "expressly conditioned on all co-defendants pleading guilty in this case." (*Id*.) If any co-defendant did not plead guilty, the Government reserved the right to withdraw from any plea agreements reached with the other co-defendants and proceed to trial. (*Id.*)

After the plea agreements were presented, Movant's counsel purportedly met with Movant, the other trial defendants, and their defense counsel. (*Id.*, Ex. D.) Movant's counsel has stated that during this meeting, he advised Movant of the terms of the plea agreement and the potential sentence Movant would face if he were convicted following a trial—which would trigger mandatory minimum terms of incarceration—and "strongly recommended that he accept the proposed plea agreement." (*Id.*, Ex. D, at 1.) After meeting with Movant, counsel e-mailed the Government and rejected the plea agreement on behalf of Movant. (*Id.*, Ex. B.) The other co-defendants also rejected the plea agreements that had been tendered to them. (*Id.*, Ex. D.)

At the final pretrial conference, the Government made a formal record of the offering of a plea agreement to Movant, the terms of the agreement, and Movant's rejection of the agreement. Other defense counsel similarly memorialized their clients' rejections of the plea offers. No defendant objected at the time. After a trial, a jury found Movant guilty, and the Court sentenced Defendant to a term of 180 months imprisonment, followed by a five-year term of supervised release. Movant unsuccessfully appealed his conviction to the Ninth Circuit Court of Appeals and filed a petition for certiorari to the United States Supreme Court, which was denied. Movant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel arising out of the plea agreement process. (Doc. 6.)

**STANDARD OF REVIEW**

A federal prisoner may seek relief under 28 U.S.C. § 2255(a) if his sentence was imposed in violation of the United States Constitution or the laws of the United States,

1  was in excess of the maximum authorized by law, or is otherwise subject to collateral
2  attack. When a prisoner petitions for post-conviction relief, this Court "may accept,
3  reject, or modify, in whole or in part, the findings or recommendations made by the
4  magistrate." *Id.* § 636(b)(1). If a Movant files timely objections to the R&R, the district
5  judge must make a de novo determination of those portions of the report or specified
6  proposed findings or recommendations to which objection is made. *Id.*; *United States v.*
7  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Fed. R. Civ. P. 72(b).

## DISCUSSION

Movant asserts three claims that trial counsel was ineffective for (1) advising Movant not to accept the plea agreement offered by the Government; (2) failing to advise Movant that he faced deportation if he were convicted at trial; and (3) failing to advise Movant to sign the plea agreement so that he could receive a reduction of sentence based on acceptance of responsibility. Movant argues that, but for these alleged errors, he would have accepted the proffered plea and received a more favorable disposition. The R&R concludes that the factual predicate for Movant's claims is contradicted by the record. (*See* Doc. 14 at 6.)

To prevail on an ineffective assistance claim, the party seeking relief must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." *Id.* at 697.

Movant's first three[1] objections to the R&R are insufficient to raise a reasonable

---

[1] Movant's third objection is to the Magistrate Judge's characterization of his claims as self-serving, wherein Movant argues that the terms of the plea agreement were such that "[a]nyone with common sense in the defendant's position would opt to take the offer of the Government. . . ." (Doc. 15 at 3.) Movant's desire to have been permitted to accept a guilty plea with the Government under the terms initially offered, independent of his co-defendants' pleading guilty, is not the kind of specific challenge to the legal and factual findings made by the Magistrate Judge required to trigger de novo review of the

question as to the adequacy of his trial counsel. Even if the trial record supports his statement of events, Movant has not demonstrated any prejudice suffered by counsel's alleged failure to meet with him independently of his co-defendants to discuss the plea agreement or any deficiencies in the colloquy with the Court in which Movant's rejection of the plea was put on the record. The plea agreement offered to Movant was part of a "package plea" that was conditioned on the guilty pleas of all co-defendants; no individualized plea agreement was offered to Movant specifically. Movant acknowledges as much in his Objections, and further notes that his co-defendants opted not to plead guilty, causing him to lose out on the plea bargain. (*See* Doc. 15 at 1–2.) Therefore, because Movant could not have apparently accepted a plea agreement with the Government, he cannot satisfy the second prong of the *Strickland* test. *Cf. United States v. Wheat*, 813 F.2d 1399, 1405 (9th Cir. 1987) ("Defendants have no constitutional right to plea bargain.").

Movant's fourth objection is to the nature of the plea agreements that were extended by the Government to each co-defendant. However, package deal plea agreements such as this, where the Government bargains with co-defendants as a group, are not deemed to be so coercive as to constitute a violation of a defendant's constitutional rights. *Id.* In discussing "the constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person *other* than the accused," such as package plea agreements, the Ninth Circuit has cautioned only that "the trial court should make a more careful examination of" the circumstances surrounding the bargaining process. *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). However, it remains the prerogative of the prosecutor whether to offer a "package deal," or no deal at all. Nothing in Movant's objection suggests counsel was ineffective in his transaction with the Government with respect to Movant's plea.

---

record under Rule 72(b). However, to the extent that this objection also reiterates Carreno-Gutierrez's claim that the Court's plea colloquy did not sufficiently reflect his personal desire to reject the plea, the same analysis that addresses his first and second objections applies with equal measure to this point.

**IT IS ORDERED** that Magistrate Judge Michelle H. Burns's R&R (Doc. 14) is **ACCEPTED** and Petitioner Juan Carreno-Gutierrez's Second Amended Motion to Vacate Sentence (Doc. 8) is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 332) in Case No. CR-09-1114-PHX-GMS is denied.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk of Court **TERMINATE** this action.

Dated this 26th day of May, 2015.

Honorable G. Murray Snow
United States District Judge